# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GINN, LATRESE B | § | Case No. 16-03371 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on            .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of            $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]            $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____$^2$. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____$^2$.

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Phillip D. Levey_____
                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

$^2$If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 16-03371 | CAD | Judge: CAROL A. DOYLE | Trustee Name: | Phillip D. Levey |
| Case Name: | GINN, LATRESE B | | | Date Filed (f) or Converted (c): | 02/04/16 (f) |
| | | | | 341(a) Meeting Date: | 03/04/16 |
| For Period Ending: | 03/14/18 | | | Claims Bar Date: | 06/27/16 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. HOUSEHOLD FURNISHINGS | 2,000.00 | 0.00 | | 0.00 | FA |
| 2. Electronics | 1,200.00 | 0.00 | | 0.00 | FA |
| 3. WEARING APPAREL | 750.00 | 0.00 | | 0.00 | FA |
| 4. JEWELRY | 80.00 | 0.00 | | 0.00 | FA |
| 5. Deposit - Credit Union | 110.00 | 0.00 | | 0.00 | FA |
| 6. Ginn v. CTA (u)  Personal injury action. | Unknown | 0.00 | | 95,000.00 | FA |

TOTALS (Excluding Unknown Values) $4,140.00 $0.00 $95,000.00

Gross Value of Remaining Assets: $0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trial of initially unscheduled personal injury action against CTA scheduled for 11/9/17.

Initial Projected Date of Final Report (TFR): 02/01/18    Current Projected Date of Final Report (TFR): 02/01/19

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 16-03371 -CAD | | Trustee Name: | Phillip D. Levey |
| Case Name: | GINN, LATRESE B | | Bank Name: | ASSOCIATED BANK |
| | | | Account Number / CD #: | *******5273 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******2946 | | | |
| For Period Ending: | 03/14/18 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

Note: columns are Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($)

| Date | Ref | Paid To / Received From | Description | Code | Deposits | Disbursements | Balance |
|---|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/23/18 | 6 | Chicago Transit Authority<br>567 West Lake Street<br>Chicago, IL 60661 | SETTLEMENT | 1242-000 | 95,000.00 | | 95,000.00 |
| 02/03/18 | 010001 | Goldstein, Fluxgold & Baron, P.C.<br>33 North Dearborn Street - Suite 950<br>Chicago, IL 60602 | Trustee's Special Counsel fees per Order dated December 6, 2017. | 3210-600 | | 31,666.67 | 63,333.33 |
| 02/03/18 | 010002 | Goldstein, Fluxgold & Baron, P.C.<br>33 North Dearborn Street - Suite 950<br>Chicago, IL 60602 | Trustee's Special Counsel expenses per Order dated Decmber 6, 2017. | 3220-610 | | 1,506.87 | 61,826.46 |
| 02/03/18 | 010003 | Latrese B. Ginn<br>8914 South Blackstone<br>2nd Floor<br>Chicago, IL 60619 | Exemption Claim<br>Debtor's claim of exemption re Ginn v. Chicago Transit Authority, et al., Case No. 15 L 10298. | 8100-000 | | 15,000.00 | 46,826.46 |
| 02/03/18 | 010004 | Northwestern Memorial Hospital<br>c/o Julie Roth<br>Neil J. Greene, LLC<br>250 Parkway Drive, Suite 160<br>Lincolnshire, IL 60069 | Lien Claim<br>Payment of lien claim re Ginn v. Chicago Transit Authority, et al., Case No. 15 L 10298, per Order dated December 6, 2017. | 4220-000 | | 1,610.00 | 45,216.46 |
| 02/03/18 | 010005 | Blue Cross/Blue Shield<br>a/k/a Ford Hourly Benefits Plan<br>c/o Patricia Heeney<br>Venegroff, Williams & Associates<br>7191 North Cicero Ave., Suite 101<br>Lincolnwood, IL 60712 | Lien Claim<br>Payment of lien claim re Ginn v. Chicago Transit Authority, et al., Case No. 15 L 10298, per Order dated December 6, 2017.<br>Your File #8517148 | 4220-000 | | 6,000.00 | 39,216.46 |
| 02/03/18 | 010006 | Athletico Physical Therapy<br>625 Enterprise Drive<br>Oak Brook, IL 60523 | Lien Claim<br>Payment of lien claim re Ginn v. Chicago Transit Authority, et al., Case No. 15 L 10298, per Order dated December 6, 2017. | 4220-000 | | 11,964.75 | 27,251.71 |

Page Subtotals    95,000.00    67,748.29

FORM 2

Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 16-03371 -CAD | Trustee Name: | Phillip D. Levey |
|---|---|---|---|
| Case Name: | GINN, LATRESE B | Bank Name: | ASSOCIATED BANK |
| | | Account Number / CD #: | *******5273 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******2946 | | |
| For Period Ending: | 03/14/18 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 02/07/18 | | ASSOCIATED BANK | PN 896251 BANK SERVICE FEE | 2600-000 | | 40.99 | 27,210.72 |
| 02/22/18 | 010007 | International Sureties, Ltd. 701 Poydras Street - Suite 420 New Orleans, LA 70139 | Trustee's Bond | 2300-000 | | 38.39 | 27,172.33 |

\* Reversed
t Funds Transfer

| | COLUMN TOTALS | 95,000.00 | 67,827.67 | 27,172.33 |
|---|---|---|---|---|
| | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| | Subtotal | 95,000.00 | 67,827.67 | |
| | Less: Payments to Debtors | | 15,000.00 | |
| | Net | 95,000.00 | 52,827.67 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - *******5273 | 95,000.00 | 52,827.67 | 27,172.33 |
| | 95,000.00 | 52,827.67 | 27,172.33 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 0.00 79.38

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

LFORM24

Ver: 20.00g

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: March 14, 2018 |
|---|---|---|---|---|---|---|

Case Number: 16-03371
Debtor Name: GINN, LATRESE B
Claims Bar Date: 06/27/16

Priority Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | | | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|---|---|
| 001<br>3210-60 | Goldstein, Fluxgold & Baron, P.C.<br>33 North Dearborn Street - Suite 950<br>Chicago, IL 60602 | Administrative | | | | $0.00 | $31,666.67 | $31,666.67 |
| | | | 2221655273 | 02/03/18 | 10001 | | 31,666.67 | |
| 001<br>3220-61 | Goldstein, Fluxgold & Baron, P.C.<br>33 North Dearborn Street - Suite 950<br>Chicago, IL 60602 | Administrative | | | | $0.00 | $1,506.87 | $1,506.87 |
| | | | 2221655273 | 02/03/18 | 10002 | | 1,506.87 | |
| 001<br>2100-00 | Phillip D. Levey<br>2722 North Racine Ave.<br>Chicago, IL 60614 | Administrative | | | | $0.00 | $7,250.00 | $7,250.00 |
| 001<br>3110-00 | Phillip D. Levey<br>2722 North Racine Avenue<br>Chicago, IL 60614 | Administrative | | | | $0.00 | $2,565.00 | $2,565.00 |
| 001<br>2200-00 | Phillip D. Levey<br>2722 North Racine Ave.<br>Chicago, IL 60614 | Administrative | | | | $0.00 | $57.42 | $57.42 |
| | Subtotal for Priority 001 | | | | | $0.00 | $43,045.96 | $43,045.96 |
| 000001<br>070<br>7100-00 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | | | $0.00 | $3,802.08 | $3,802.08 |
| 000002<br>070<br>7100-00 | Midland Funding LLC<br>PO Box 2011<br>Warren MI 48090 | Unsecured | | | | $0.00 | $464.23 | $464.23 |
| 000003<br>070<br>7100-00 | Midland Funding LLC<br>PO Box 2011<br>Warren MI 48090 | Unsecured | | | | $0.00 | $14,150.04 | $14,150.04 |
| 000004<br>070<br>7100-00 | Quantum3 Group LLC as agent for<br>Absolute Resolutions Corp<br>PO Box 788<br>Kirkland, WA 98083-0788 | Unsecured | | | | $0.00 | $801.15 | $801.15 |
| 000006<br>070<br>7100-00 | Department Store National Bank<br>c/o Quantum3 Group LLC<br>PO Box 657<br>Kirkland, WA 98083-0657 | Unsecured | | | | $0.00 | $1,047.97 | $1,047.97 |
| 000007<br>070<br>7100-00 | Portfolio Recovery Associates, LLC<br>Successor to GE CAPITAL RETAIL<br>BANK<br>(JC PENNEY)<br>POB 41067<br>Norfolk, VA 23541 | Unsecured | | | | $0.00 | $557.08 | $557.08 |
| | Subtotal for Priority 070 | | | | | $0.00 | $20,822.55 | $20,822.55 |

| | | EXHIBIT C | | | | |
|---|---|---|---|---|---|---|
| Page 2 | | ANALYSIS OF CLAIMS REGISTER | | | | Date: March 14, 2018 |

Case Number: 16-03371  
Debtor Name: GINN, LATRESE B  
Claims Bar Date: 06/27/16

Priority Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | | | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|---|---|
| 000005 999 6810-00 | Department of the Treasury PO Box 9012 Holtsville, NY 11742 | Priority | | | | $0.00 | $0.00 | $0.00 |
| BOND 999 2300-00 | International Sureties, Ltd. 701 Poydras Street - Suite 420 New Orleans, LA 70139 | Administrative | | | | $0.00 | $38.39 | $38.39 |
| | | | 2221655273 | 02/22/18 | 10007 | | 38.39 | |
| | Subtotal for Priority 999 | | | | | $0.00 | $38.39 | $38.39 |
| | Case Totals: | | | | | $0.00 | $63,906.90 | $63,906.90 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 16-03371
Case Name: GINN, LATRESE B
Trustee Name: Phillip D. Levey

Balance on hand        $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Trustee Expenses: Phillip D. Levey | $ | $ | $ |
| Attorney for Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Other: International Sureties, Ltd. | $ | $ | $ |
| Other: Goldstein, Fluxgold & Baron, P.C. | $ | $ | $ |
| Other: Goldstein, Fluxgold & Baron, P.C. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Other: Department of the Treasury | $ | $ | $ |

Total to be paid for prior chapter administrative expenses     $_____

Remaining Balance     $_____

      In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

      Allowed priority claims are:

NONE

      The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

      Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

      Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | $ | $ | $ |
| 000002 | Midland Funding LLC<br>PO Box 2011<br>Warren MI 48090 | $ | $ | $ |
| 000003 | Midland Funding LLC<br>PO Box 2011<br>Warren MI 48090 | $ | $ | $ |
| 000004 | Quantum3 Group LLC as agent for<br>Absolute Resolutions Corp<br>PO Box 788<br>Kirkland, WA 98083-0788 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000006 | Department Store National Bank<br>c/o Quantum3 Group LLC<br>PO Box 657<br>Kirkland, WA 98083-0657 | $ | $ | $ |
| 000007 | Portfolio Recovery Associates, LLC<br>Successor to GE CAPITAL RETAIL BANK<br>(JC PENNEY)<br>POB 41067<br>Norfolk, VA 23541 | $ | $ | $ |

Total to be paid to timely general unsecured creditors   $_____

Remaining Balance   $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE